UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARJORIE BUCHOK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:10-cv-665 (WWE) |
| | : | |
| J.C. PENNEY CORPORATION, INC., | : | |
|     Defendant. | : | |

### RULING ON MOTION TO DISMISS

Plaintiff Marjorie Buchok commenced this action alleging that defendant J.C. Penney Corporation, Inc. was negligent and reckless in arranging and maintaining its retail store and that such negligence and recklessness led to plaintiff's injuries. Now pending before the Court is defendant's motion to dismiss plaintiff's claim for recklessness (Doc. #12) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant's motion will be denied.

The Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### BACKGROUND

For purposes of ruling on this motion to dismiss, the Court accepts all allegations of the complaint as true.

Plaintiff Buchok, at all relevant times, was a resident of Waterbury, Connecticut. Defendant J.C. Penney is a Delaware corporation authorized to conduct business in Connecticut. It operated a retail store known as "JC Penney" in Waterbury, Connecticut.

On November 29, 2009 at approximately 3:30 p.m., plaintiff entered defendant's retail establishment at the Brass Mill Center in Waterbury to purchase gifts. As she entered the store, she stopped to look at items in the jewelry department which were

1

displayed on display tables and on stand units.  As plaintiff turned from viewing items on one of the display tables, she tripped and fell when her foot impacted a utility floor cover plate protruding above the level of the surrounding floor.  As a result of her fall, plaintiff suffered a left proximal femur intertrochanteric hip fracture, a left femoral neck fracture and an injury to her head and neck.  She also incurred pain and suffering.

Plaintiff claims that defendant was negligent in arranging and organizing its floor displays, especially during the busy shopping period between Thanksgiving and Christmas; operating its jewelry department and arranging its floor displays and display tables in such a way that the utility floor cover plates would be directly in the path of customers; failing to correct the utility floor cover plates defects to guard against and prevent the danger sustained by plaintiff; failing to place adequate warning signs over utility floor cover plates; and failing to make a proper and reasonable inspection of the area where plaintiff sustained her injuries.  Plaintiff also asserts that the floor area where plaintiff fell was unreasonably dangerous.

Plaintiff's allegations for her recklessness claim repeat those allegations for her negligence claim.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon

which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Defendant moves to dismiss plaintiff's claim for recklessness because it is repetitious of plaintiff's negligence claim. Under Connecticut law, recklessness "is more than negligence, more than gross negligence." Dubay v. Irish, 207 Conn. 518, 532 (1988). "[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Matthiessen v. Vanech, 266 Conn. 822, 833 (2003). It constitutes "more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." Frillici v. Town of Westport, 264 Conn. 266, 278 (2003). "Simply using the word 'reckless' or 'recklessness' in the complaint is not enough. A specific allegation setting out the conduct that is claimed to be reckless ... must be made." Dumond v. Denehy, 145 Conn. 88, 91 (1958). It is clear based on Connecticut precedent that negligence and recklessness are separate causes of action that involve distinct sets of proof.

The question posed by defendant's motion is whether identical facts can be pled to support both a claim for recklessness and a claim for negligence. The Connecticut Supreme Court has answered in the affirmative. In Craig v. Driscoll, the Supreme Court found that identical factual allegations may support both a claim for negligence and a claim for recklessness. 262 Conn. 312, 341 (2003). In Craig, the Supreme Court

3

stated:

> Although there is a difference between negligence and a reckless disregard of the rights or safety of others, a complaint is not deficient so long as it utilizes language explicit enough to inform the court and opposing counsel that both negligence and reckless misconduct are being asserted.

Id., 262 Conn. at 343. The Supreme Court further noted that what may appear to be an insufficient claim for recklessness may instead be an overinclusive claim for negligence. See id., 262 Conn. at 343 n.22. This Court will not, therefore, dismiss plaintiff's claim for recklessness on account of it being duplicative of plaintiff's claim for negligence.

Defendant further moves to dismiss on the ground that plaintiff's allegations, assumed to be true, do not rise to the level of recklessness. Distilled to their essence, plaintiff's allegations assert that defendant was reckless in its arrangement and organization of its retail store; in its maintenance its utility floor cover plates; and in its notification to visitors of the danger of its utility floor cover plates.

The allegations of the complaint could lead the finder of fact to conclude that defendants was reckless in how it arranged and maintained its store, specifically relating to the utility floor cover plates. Plaintiff sufficiently alleges that defendant knew that its utility floor cover plates were arranged in such a way to pose a danger to visitors, see Kruger v. Lynch, 1999 Conn. Super. LEXIS 2508 (Conn. Super. Ct. Sept. 10, 1999) (denying motion to strike where plaintiff alleged that defendant knew of danger); and that defendant assumed that its arrangement was safe when it allegedly was not. See Cardenas v. Mixcus, 1998 Conn. Super. LEXIS 508 (Conn. Super. Ct. Feb. 26, 1998). It would be premature at this point to dismiss plaintiff's claim of recklessness because her complaint raises the right to relief above the speculative level. The Court will, therefore,

4

deny defendant's motion to dismiss and leave plaintiff to her proof on her claim of recklessness.

**CONCLUSION**

In light of the foregoing reasons, defendant's motion to dismiss plaintiff's recklessness claim (Doc. #12) is DENIED.

Dated at Bridgeport, Connecticut, this 26th day of July 2010.

                                         /s/
                                    Warren W. Eginton
                                    Senior United States District Judge